IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-02-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| MARSHALL D. LAPIER, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Lapier of violating his conditions of supervised release by using methamphetamine. Mr. Lapier admitted to the violations. The district court should revoke Mr. Lapier's supervised release and sentence him to three months in custody, with thirty-three months of supervised release to follow.

## II. Status

On August 30, 2012, following bench trial, United States District Judge Sam Haddon found Mr. Lapier guilty of Felon in Possession of a Firearm. On December 17, 2012, Judge Haddon sentenced Mr. Lapier to thirty months in custody followed by thirty-six months of supervised release. (Doc. 39.) Mr. Lapier began his current term of supervision on November 12, 2014.

On March 18, 2016, the United States Probation Office (USPO) conducted a Non-Compliance Hearing with Mr. Lapier after Mr. Lapier submitted a urine sample that tested positive for methamphetamine. Mr. Lapier denied intentionally using methamphetamine. Mr. Lapier stated that he believed someone put the methamphetamine in his coffee without his knowledge. On March 22, 2016, United States District Judge Brian Morris signed a Report of Offender Under Supervision detailing this violation and ordering that Mr. Lapier be subject to random sweat-patch testing. On June 7, 2016, Mr. Lapier appeared before the Court after again testing positive for methamphetamine. Mr. Lapier admitted the violation. The Court deferred judgment for ninety days. On September 13, 2016, the Court dismissed the petition and allowed Mr. Lapier to continue on supervision.

**Petition**

On September 22, 2016, the USPO filed a petition asking the Court to

revoke Mr. Lapier's supervised release. The USPO accused Mr. Lapier of violating the conditions of his supervised release by using methamphetamine. (Doc. 63.) Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Lapier's arrest. (Doc. 62.)

**Initial appearance**

On September 29, 2016, Mr. Lapier appeared before the undersigned in Great Falls, Montana for an initial appearance. Federal Defender Anthony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Lapier said he had read the petition and understood the allegations. Mr. Lapier waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing commenced.

**Revocation hearing**

During the revocation hearing, Mr. Lapier admitted he violated the conditions of his supervised release. The violation is serious and warrants revocation of Mr. Lapier's supervised release. The Court continued the sentencing phase of the hearing so counselors could evaluate whether or not Mr. Lapier is a candidate for in-patient treatment.

On October 27, 2016, The Court presided over the sentencing phase of Mr. Lapier's revocation hearing. Mr. Lapier's violation grade is Grade C, his criminal

history category is I, and his underlying offense is Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty-six months. The United States Sentencing Guidelines call for three to nine months in custody.

Federal Defender Evangelo Arvanetes represented Mr. Lapier at the sentencing phase of his revocation hearing. Mr. Arvanetes recommended a sentence of time served, with twelve months of supervised release to follow. Assistant United States Attorney Bryan Dake represented the United States at the sentencing phase of Mr. Lapier's revocation hearing. Mr. Dake recommended a sentence in the low end of the guideline range, with supervised release to follow.

### III. Analysis

The district court should revoke Mr. Lapier's supervised release because he violated its conditions. A sentence of three months in custody followed by thirty-three months of supervised release is appropriate. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Lapier was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained

that Judge Morris would consider Mr. Curtis's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Lapier's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Marshall D. Lapier violated the conditions of his supervised release by using methamphetamine.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Lapier's supervised release and committing Mr. Lapier to the custody of the United States Bureau of Prisons for three months. He should be sentenced to continued supervised release for thirty-three months.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 2nd day of November, 2016.

                                        John Johnston
                                        United States Magistrate Judge